McIuvaine, O. J.
The main question in this case is thus .stated by counsel for plaintiff in error: “ Does the know *79 •ingly taking and receiving a rate of interest greater than is lawful, by a national bank, on a loan made, or note discounted by it in this state, entitle the party paying the illegal interest to have it applied as a payment of so much of the principal debt, in an action brought more than two years after the payment loas made, to recover the principal sum ? ”
This question, we think, must be answered in the negative.
By section 8 of the national bank act, there is conferred upon national banks general powers necessary to carry on the business of banking, “ by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt,” etc. By section 30, the rate of interest which such banks may lawfully take, receive, reserve, and charge is limited; and it is also therein declared that “ the knowingly -taking, receiving, reserving, or charging a. rate •of interest greater than aforesaid shall be held and adjudged a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon. And in case a greater rate of interest has been paid, the person or persons paying the same, or their legal representatives, may recover' back, in any action of debt, twice the amount of interest thus paid from the association taking or receiving the same; provided, that such action is commenced within two years from the time the usurious transaction occurred.” Laws 1st Sess. 38th Cong. 114, sec. 30.
Without stopping to inquire how a bank may be affected in its relations to the government by reason of usurious transactions, it is quite certain that a customer who participates in the offense by paying or agreeing to pay a usurious rate of interest to such bank, is entitled to no relief or remedy except as provided in this section.
By the first provision in that part of the section above quoted, if the contract or promise to pay usurious interest be unexecuted, it can not be enforced; and in such case the debtor is released from the payment, not only of the interest in excess of the lawful rate, but “ the entire inter *80 est which the note, bill, or other evidence of debt carnes with it, or which has been agreed to be paid thereon,” must be held and adjudged to be forfeited. By the latter provision, if usurious interest u has been paid,” twice the amount of interest paid may be recovered back from the association “taking or receiving” it, provided the action therefor be commenced within two years from the time the usurious transaction occurred. And by construing the whole section together, we are inclined to believe that in ease usurious interest has been “ reserved” at the time of the loan or discount, there is left to the bank a locus penitentice. In such case the bank may, upon receiving payment of the debt, discharge itself from all liability to the debtor by giving credit for the amount of interest reserved; otherwise, the debtor may insist upon a reduction of his indebtedness to the amount actually loaned or advanced, or he may pay the whole claim, aud afterward, within two years, recover back twice the amount of interest paid.
On this construction of section 80, it is clear that defendants below had no right, by virtue of the national bank act, to recoup from plaintiff’s claim any sum whatever on account of usurious interest paid to the bank more than two years next preceding the time of filing their answer in the action below.
"Whether the rebatement made from the plaintiff’s claim of twice the amount of usurious interest paid thereon within two years next preceding was properly allowed is a question not now before us.
It is also contended that, under the statute law of this state, if not the entire interest, at least the excess above the rate allowed by law, paid by the defendants below, should have been held as payments made on account of the principal.
Conceding that national banks are in many respects subject to the laws of the states where situate, and especially to their remedial laws, it is a good answer to the above claim to say that, in relation to usury and the lights and liabilities of the parties participating in the offense, Con *81 gress has assumed to make provision, and the provision so made must be regarded as exclusive. In this respect, the act of Congress prescribes the only rule, and over it the legislative power of the state has no control.
The point is also made that a person entitled to recover back twice the amount of usurious interest paid is entitled to interest thereon from the date of payment until the time of recovery. On this point also we differ with counsel. The amount thus recoverable is in the nature of a penalty, and the statute must be strictly construed. Interest on such claim, before judgment, not being expressly given by the statute, can not be allowed.

Motion overruled.

Welch, White, Rex, and Gilmore, JJ., concurred.